IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NERI NOEL GARCIA RECINOS    :  CIVIL ACTION
:
v.    :  NO. 26-5761
:
MARKWAYNE MULLIN, ACTING    :
ATTORNEY GEN. TODD BLANCHE,    :
ACTING DIRECTOR JOHN E. RIFE,    :
WARDEN JL JAMISON    :

## ORDER

AND NOW, this 12th day of August 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over five years and being detained without reason, Respondents' Response (ECF 4) declining to meaningfully respond to the Petition and instead incorporating arguments advanced in earlier cases, considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. §

1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.      Petitioner Neri Noel Garcia Recinos is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Neri Noel Garcia Recinos from federal government custody no later than **7:00 PM EST** on **August 12, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **10:00 AM EST** on **August 13, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Neri Noel Garcia Recinos until no earlier than **August 31, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Garcia Recinos with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Garcia Recinos from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Garcia Recinos is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Garcia Recinos from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Garcia Recinos; and,

5.      The Clerk of Court **CLOSE** this case.

KEARNEY, J.

2

[1] The United States begins by acknowledging Mr. Noel Garcia Recinos's Petition raises an issue we and our colleagues have addressed in hundreds of earlier cases. ECF 4 at 1. But it will file an actual opposition only if we request one. *Id.* The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May 11, 2026. *Id.* at 2. The United States' abbreviated filing does not identify the earlier responses they purport to incorporate or respond to the verified allegations bearing on Mr. Noel Garcia Recinos's detention. It instead offers a few conclusory sentences asserting Mr. Noel Garcia Recinos remains an applicant "seeking admission" and requests denial. *Id.* at 1-2.

We nevertheless consider the legal position the United States has repeatedly advanced and reject it for the reasons explained in our earlier Orders and in the extensive decisions of our colleagues. *See, e.g., Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2–5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 4 at 1 n.1. The United States agrees the Department detained Mr. Garcia Recinos under 8 U.S.C. § 1225(b)(2)(A) but does not describe which category Mr. Garcia Recinos's case falls into. *Id.* at 1-2. We, like our colleagues, find the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2)(A) does not compel detention here as argued by the United States. *See, e.g., Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.) (finding section 1225(b)(2)(A) did not apply in a "*Hurtado*" case) (collecting cases); *Cardoso Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468, at *3–4 (E.D. Pa. Mar. 10, 2026) (Costello, J.); *Gagiev v. Rose*, No. 26-169, 2026 WL 657739 at *5–6 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Francisco v. Jamison*, No. 26-1321, 2026 WL 607988, at *2 (E.D. Pa. Mar. 4, 2026) (Henry, J.); *Hansaboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at * 4-5 (E.D. Pa. Mar. 3, 2026) (Wolson, J.).

The United States does not contest the facts asserted in Mr. Garcia Recinos's habeas petition. Mr. Garcia Recinos entered the United States without inspection in 2021. ECF 1 at 2. He mows lawns in Upper Darby. *Id.* Mr. Garcia Recinos supports his three children. *Id.* He has no criminal convictions. *Id.*

3